**Herman EISENBERGER and Eva Eisenberger, Plaintiffs,**

**v.**

**SPECTEX INDUSTRIES, INC.; Michael Oberlander; Pearl Oberlander; Roy I. Martin; Kraver & Martin; Jack Schwartz; and Schwartz & Co., Defendants.**

**No. 85 C 3275.**

United States District Court, E.D. New York.

April 24, 1986.

Marvin Neiman (Marvin Neiman, Theodore T. Mairanz, Steven Lowenthal, of counsel), New York City, for plaintiffs.

Bizar & D'Alessandro (Irving Bizar, Susan C. Stanley, of counsel), New York City, for defendant Spectex Industries.

Law Offices of Murray Rafsky (Murray Rafsky, of counsel), New York City, for defendants Michael Oberlander and Pearl Oberlander.

D'Amato & Lynch (Robert E. Meshel, William M. Ried, of counsel), New York City, for defendants Roy I. Martin and Kraver & Martin.

Solinger, Grosz & Goldwasser (Dan L. Goldwasser, Lee S. Wasserman, Adam R. Gale, of counsel), New York City, for defendants Jack Schwartz and Schwartz & Co.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This is the seventh action between these litigants and the second before this court concerning the present dispute. Familiarity with this court's memorandum and order in *Spectex Industries, Inc. v. Eisenberger,* 85 C 875, dated March 25, 1985 [Available on WESTLAW, DCTU database], is assumed. Defendants move to dismiss the complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

The first cause of action alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. The second alleges violations of the Securities and Exchange Act of 1934. The third and fourth claims state a variety of New York State law violations and request the appointment of a receiver over defendant Spectex Industries, Inc. (Spectex) and its dissolution.

Plaintiffs Herman and Eva Eisenberger and defendants Michael and Pearl Oberlander are long-standing business associates and directors of Spectex, which is apparently in the knitting business. Defendant Martin and his law firm Kraver and Martin had been Spectex's attorneys; Jack Schwartz through his firm Schwartz and Company is its accountant.

The complaint alleges the following. Since 1955 Herman Eisenberger and Michael Oberlander were equal partners operating under an informal oral agreement, and in 1969 they executed a written agreement that maintained their equal ownership. The partners altered the structure of the company in 1972 and in 1976 resulting in 40% ownership of Spectex by the Eisenbergers, 40% by the Oberlanders and 20% owned by public shareholders. Oberlander fraudulently induced Eisenberger to consent to this restructuring to enable him to purchase some of the public shares and to obtain control of Spectex.

The complaint alleges a host of improper actions taken by defendants pursuant to Oberlander's scheme to seize control of Spectex. These include undervaluing the book value of Spectex stock, hiding inventory, acting without Board approval, mailing fraudulent proxy statements and inducing Eva Eisenberger to relinquish her control of Parkside, which owns the real estate that Spectex occupies, to Pearl Oberlander.

Defendants argue that plaintiffs have failed to state a claim under the Securities and Exchange Act of 1934. Although the complaint does not specify the sections of the 1934 Act that defendants have violated, plaintiffs rely in their memorandum of law on six sections of the Act.

First, plaintiffs argue that defendants violated 15 U.S.C. § 78n(a), which, under its implementing rules and regulations, proscribes false or misleading statements of material fact in proxy materials. The complaint states that on at least two occasions defendants prepared and mailed proxy statements that contained "fraudulent misstatements and serious misrepresentations."

A complaint alleging fraud in connection with a securities violation must meet the specificity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See Ross v. A.H. Robins*, 607 F.2d 545 (2d Cir.), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). The complaint here has not done so. Plaintiffs have not identified the statements that form the basis of the fraud nor the manner in which they misled the plaintiffs. Plaintiffs have therefore failed to state a cause of action under 15 U.S.C. § 78n(a).

Plaintiffs also have failed to state a cause of action under 15 U.S.C. § 78n(e). This section proscribes false statements or omissions of material fact in connection with a tender offer. The complaint does not allege that defendants made a tender offer for Spectex's shares. The fact that the Oberlanders purchased outstanding shares does not by itself constitute a tender offer. *See Hanson Trust PLC v. SCM Corp.*, 774 F.2d 47 (2d Cir.1985).

Plaintiffs may not bring a private cause of action under 15 U.S.C. § 78p(a). *Scientex Corp. v. Kay*, 689 F.2d 879 (9th Cir.1982). Similarly, plaintiffs may not assert a cause of action under 15 U.S.C. §§ 78j and 78m(d) because they do not claim to have purchased or sold securities upon reliance on alleged misstatements or omissions. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945, 958–61 (S.D. N.Y.1983), *aff'd*, 730 F.2d 910 (2d Cir.1984).

This court has found no cases that address whether a private right of action

arises under 15 U.S.C. § 78m(b)(2). This section requires certain issuers of securities to maintain books and records in conformity with accepted accounting principles and other criteria.

To determine whether there exists a private cause of action under statutes that do not explicitly so provide, the Supreme Court has directed courts to focus on Congressional intent. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 377–78, 102 S.Ct. 1825, 1838–39, 72 L.Ed.2d 182 (1982). In *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), the Court held that no private remedy existed under section 17(a) of the Securities and Exchange Act of 1934. That section, like the one here, establishes recordkeeping requirements for certain regulated businesses, and requires the filing of periodic reports. The Court reasoned that neither the language of the statute nor the legislative history confers private damage rights. Moreover, other sections of the 1934 Act explicitly grant private remedies, indicating that Congress explicitly provided this remedy when it wished to do so.

That reasoning is equally applicable here. There is no language in section 78m(b)(2) that suggests a private cause of action, and the legislative history emphasizes only the role of the Securities and Exchange Commission in prosecuting civil actions. *See* S.Rep. No. 114, 95th Cong., 1st Sess. 11–12, *reprinted in* 1977 U.S.Code Cong. & Ad. News 4098, 4109–10. The court holds that no private cause of action exists under section 78m(b)(2).

Plaintiffs also have not pleaded a cause of action under RICO. They rely on three predicate acts that constitute a "pattern of racketeering activity": mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; and securities fraud.

■ As stated above plaintiffs have failed to state a cause of action under the Securities and Exchange Act of 1934. Nor have they sufficiently alleged wire fraud. Their allegation rests on a single telephone call between Martin and Eva Eisenberger.

Both live and work in New York. Moreover, there is no reasonably foreseeable interstate communication that would follow this solely intrastate use of the wires. *See United States v. DeBiasi,* 712 F.2d 785 (2d Cir.), *cert. denied,* 464 U.S. 962, 104 S.Ct. 397, 78 L.Ed.2d 339 (1983). Plaintiffs therefore cannot rely on wire fraud as a predicate act.

■ Plaintiffs' allegations of mail fraud arise from the mailing of allegedly fraudulent documents to the Securities and Exchange Commission and the mailing of allegedly fraudulent proxy statements. As noted above the allegations of fraud in connection with the proxy statements fail to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. The pleadings are similarly deficient as to the mailing of fraudulent documents to the Securities and Exchange Commission. The complaint states, for example, that financial reports "have contained numerous false, misleading and incorrect statements" and "the inventory and the amount of securities that are owned by Spectex have been misstated." These vague allegations, without more, do not give sufficient notice to defendants of plaintiffs' claims and the facts upon which they rest. *See Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111 (2d Cir.1982).

■ Even if the mail fraud allegations contained the necessary particularity, plaintiffs have not demonstrated the existence of a "pattern of racketeering activity" under 18 U.S.C. § 1961. The statute defines "pattern of racketeering activity" as "at least two acts of racketeering activity." The Supreme Court, in *Sedima, S.P.R.L. v. Imrex Co., Inc.,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), stated in a footnote that the definition "*requires* at least two acts of racketeering activity, [and] not that it 'means' two such acts. The implication is that while two acts are necessary, they may not be sufficient.... As the Senate Report explained: 'The target of [RICO] is thus not sporadic activity.... It ... is *continuity plus relation-*

*ship* which combines to produce a pattern'" (emphasis in original). *Id.* at 3288 n. 14.

In *Northern Trust Bank/O'Hare N.A. v. Inryco, Inc.,* 615 F.Supp. 828 (N.D.Ill.1985), the court, relying on the *Sedima* footnote, dismissed a RICO complaint because numerous mailings of kickback checks under one fraudulent scheme did not constitute a "pattern of racketeering activity." Similarly in *Teleprompter of Erie, Inc. v. Erie,* 537 F.Supp 6 (W.D.Pa.1981), the court held that multiple bribes at one fundraiser were not a pattern of racketeering activity.

Here the predicate acts upon which plaintiffs rely all arise from an alleged single unlawful scheme: the mailing of false and misleading financial and proxy statements. Multiple mailings that are part of the same criminal activity do not constitute a pattern of racketeering activity.

The complaint is dismissed with leave to replead, if the facts justify, a claim under 15 U.S.C. § 78n(a). Plaintiffs' counsel is directed to consider Rule 11 of the Federal Rules of Civil Procedure before filing any amended complaint. So ordered.